RAWLINSON, Circuit Judge,
concurring in part and dissenting in part:
I concur in much of the majority’s opinion. I agree with the majority’s conclusion that the district court erred when it determined that the Washington Personality Rights Act (WPRA) is unconstitutional. I also agree that the district court correctly determined that Defendant Pitsicalis’s use of “Hendrix” infringed Experience Hendrix’s “Hendrix” mark. I concur in the determination that the permanent injunction should be vacated and remanded for clarification of precisely what conduct is permanently enjoined. In addition, I join the majority’s conclusion that the jury’s damages award was improperly decreased by the district court. Finally, but for different reasons as discussed below, I share the majority’s view that the district court’s award of attorney’s fees should be vacated and remanded.
Although there is much of the majority opinion with which I agree, I absolutely and positively disagree with the majority’s conclusion that a new trial is warranted on the issue of damages. In my view, the majority opinion on this point, like the district court decision, strays from the appropriate standard of review and essentially re-tries the case. I respectfully dissent from that portion of the majority opinion.
It is helpful at the outset to outline the standard of review that governed the district court’s decision and governs our review of that decision. That standard of *398 review authorizes a new trial only if the record contains no evidence in support of the jury’s verdict. See E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 962 (9th Cir.2009). This standard incorporates considerable deference to the jury’s determination. See Kode v. Carlson, 596 F.3d 608, 612 (9th Cir.2010) (per curiam). The majority opinion adheres to this standard when resolving Pitsicalis’s motion for judgment as a matter of law, but completely abandons this standard when considering Pitsicalis’s motion for a new trial.
As the majority acknowledges, the determination that sufficient evidence supported the jury verdict for the purposes of Pitsicalis’s Rule 50(a) motion undermines the opposite conclusion reached by the majority in resolving Pitsicalis’s Rule 50(b) motion. See Majority Opinion, p. 390. See also Go Daddy Software, 581 F.3d at 962 (instructing that a new trial is warranted “only if the record contains no evidence in support of the verdict”) (citation omitted).
It cannot be disputed that damages evidence was presented for the jury’s consideration. Robert Hendrix, Chief Operations Officer for Plaintiff Experience Hendrix testified regarding the dramatic decrease in royalty payments in 2009, at precisely the same time Pitsicalis was infringing the “Hendrix” trademark by selling counterfeit Hendrix items. Robert described 2009 as the year “the bottom fell out.”
Referring to a trial exhibit, Robert pointed out the dramatic decrease in royalties from one licensee in 2008-09 to demonstrate the extent of the damages caused by Pitsicalis’s infringement. In 2006, Experience Hendrix received $384,000 in royalties from the licensee. In 2007, Experience Hendrix was paid $394,000 in royalties. Royalties decreased to $262,000 in 2008, and plummeted to $40,000 in 2009. Robert also described decreased royalties from five licensee companies in his testimony: “I did $514,000 in 2008, and in 2009, I did $116,000 of licensing of merchandising from these five companies. That’s almost a $400,000 drop in revenue.”
In response to the suggestion that the decreased royalties were attributable to the recession, Robert noted that historically Experience Hendrix had “maintained” its sales numbers during the previous recession, when other licensors of trademarked items were experiencing a decrease in sales due to the recession. For that reason, Robert did not attribute the dramatic decrease in royalties to the recession.
Robert also testified that its licensees were unable to sell merchandise in brick and mortar stores such as J.C. Penney in 2009, once Pitsicalis had flooded the store shelves with infringing merchandise. This testimony was consistent with the dramatic decrease in royalty payments in 2009, after Experience Hendrix realized increased royalties “every single year until 2008.” Robert Hendrix estimated that approximately seventy-seven percent of the decrease in royalties was attributable to Pitsicalis’s infringing activity.
Richard Hendrix’s testimony was corroborated by Richard Yalch, Experience Hendrix’s expert witness, and a thirty-seven-year Ph.D. professor of marketing at the University of Washington. Dr. Yalch confirmed that lost royalties due to Pitsicalis’s infringing sales constituted damages to Experience Hendrix.
Despite this unrefuted testimony, the district court and the majority have concluded that the jury’s award of damages was against the weight of the evidence. Yet, the majority acknowledges this undisputed evidence of the significant decline in *399 Experience Hendrix’s licensing revenue and concedes that this evidence was sufficient to allow the jury to calculate Experience Hendrix’s lost profits. See Majority Opinion, pp. 391-92. The majority’s acknowledgment simply cannot be reconciled with the standard of review we must apply to the district court’s ruling. See United States v. 4.0 Acres of Land, 175 F.3d 1133, 1139 (9th Cir.1999) (noting that a district court abuses its discretion in granting a new trial “if the jury’s verdict is not against the clear weight of the evidence”) (citation omitted); see also Ace v. Aetna Life Ins. Co., 139 F.3d 1241, 1248 (9th Cir.1998), as amended (explaining that a jury verdict may be set aside on the basis of insufficient supporting evidence only if it “is against the great weight of the evidence or it is quite clear that the jury has reached a seriously erroneous result ”) (citations omitted) (emphases added). We have characterized this standard as “stringent.” Id. (citation omitted).
According to the majority, the district court did not believe Robert Hendrix’s testimony regarding Experience Hendrix’s lost revenue. See Majority Opinion, p. 394. However, the district court did not rule that Robert Hendrix lacked credibility. Rather, the district court interpreted his testimony differently than the jury, which the court is not permitted to do. See 4.0 Acres of Land, 175 F.3d at 1139 (“[A] district court may not grant ... a new trial merely because it would have arrived at a different verdict____”) (citation omitted).
The majority also concludes that a new trial is warranted due to the confusing jury instructions. See Majority Opinion, pp. 395-96. The majority opinion focuses on the instruction from the district court that damages for injury to reputation and loss of goodwill “were essentially the same thing.” Id. (internal quotation marks omitted). But “essentially the same thing” and “exactly the same thing” are different concepts. And the jury could have reasonably awarded damages for injury to reputation and loss of goodwill under the district court’s instruction. See WMX Technologies v. Miller, Inc., 197 F.3d 367, 374 (9th Cir.1999) (“Reputation is not the equivalent of the goodwill of a business....”) (emphasis added); id., (“[T]he goodwill of a business is its value as a going concern ... ”). Robert Hendrix’s testimony established that Pitsical-is’s infringement not only damaged Experience Hendrix’s reputation for providing authentic Jimmy Hendrix items, but also decreased the value of Experience Hendrix as a going concern. See id.
The majority concludes that a new trial is warranted due to “likely” jury confusion stemming from the district court’s instructions. See Majority Opinion, pp. 395-96. However, as discussed above, the jury’s verdict was supported by the evidence and consistent with the court’s instruction. In any event, as the majority recognizes, to the extent the damages award is duplica-tive, we could remand for correction of the award rather than requiring a new trial. See Majority Opinion, p. 396.
In sum, applying the proper standard should result in retention of the jury’s verdict, including the award of damages. This might be a different case if Pitsicalis had submitted some evidence to refute the damages evidence submitted by Experience Hendrix. However, in the absence of countervailing evidence from Pitsicalis, there was nothing for the district court to weigh when deciding the motion for a new trial. All the evidence was on Experience Hendrix’s side of the scale, and supported the jury’s verdict. For that reason, I would reverse the district court’s grant of a new trial. See DSPT Int’l Inc. v. Na *400 hum, 624 F.3d 1213, 1218 (9th Cir.2010) (“A district court may grant a new trial only if the jury verdict is contrary to the clear weight of the evidence.... A jury’s verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury’s conclusion, even if it is also possible to draw a contrary conclusion.... A jury verdict should be set aside only when the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury’s verdict.”) (footnote references and internal quotation marks omitted).[1]
As for the attorney’s fees, I agree with the majority that the fee award should be vacated and remanded, but not for the reasons stated by the majority. Because I am of the view that the jury’s verdict, including the damages award, should stand, I would remand the attorney’s fee order for the district court to award fees to Experience Hendrix as the prevailing party on the matters tried to the jury and on the matters resolved in its favor by the district court. See TrafficSchool.com v. Edriver, Inc., 653 F.3d 820, 834 (9th Cir.2011) (remanding the denial of attorney fees).
CONCLUSION
I agree with the majority that we should reverse the district court’s ruling that the WPRA is unconstitutional. I also concur in the affirmance of the district court’s decision granting summary judgment to Experience Hendrix on its infringement claims against Pitsicalis’s use of the “Hendrix” marks. I concur in the vacatur and remand of the permanent injunction. I join the majority in reversing the district court s decision to decrease the damages awarded by the jury. I also join the majority’s vacatur of the attorney fee award. I differ from the majority in that I would NOT remand for a new trial on damages. I would remand for reinstatement of the damages awarded by the jury, and for an award of attorney’s fees to Experience Hendrix as the prevailing party. In short, the district court should reinstate the jury’s verdict, award attorney’s fees to Experience Hendrix, and let this case be done.

. The majority cites Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1407 (9th Cir.1993), for the proposition that Experience Hendrix had to present proof of its expenses as part of its evidence of damages. See Majority Opinion, pp. 391-92. However, Lindy contains no language to that effect. In any event, Robert Hendrix’s testimony informed the jury of Experience Hendrix's lost profits, as contemplated in Lindy.